**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ADRIAN SANTIAGO, *on behalf of herself,* *FLSA Collective Plaintiffs, and the Class,* | Case No.: |
| Plaintiff, | **CLASS AND COLLECTIVE ACTION COMPLAINT** |
| v. | Jury Trial Demanded |
| CUISINE BY CLAUDETTE, LLC        d/b/a CUISINE BY CLAUDETTE, CUISINE BY CLAUDETTE ARVERNE LLC        d/b/a CUISINE BY CLAUDETTE, GREENHOUSE ROCKAWAY LLC        d/b/a GREENHOUSE CAFÉ, CLAUDETTE FLATOW, JOHN EFRATI, and YARDEN FLATOW, | |
| Defendants. | |

---

Plaintiff, ADRIAN SANTIAGO ("Plaintiff SANTIAGO" or "Plaintiff"), on behalf of

herself and others similarly situated, by and through her undersigned attorneys, hereby files this

Class and Collective Action Complaint against Defendants, CUISINE BY CLAUDETTE, LLC

d/b/a CUISINE BY CLAUDETTE, CUISINE BY CLAUDETTE ARVERNE LLC d/b/a

CUISINE BY CLAUDETTE, GREENHOUSE ROCKAWAY LLC d/b/a GREENHOUSE

ROCKAWAY LLC d/b/a GREENHOUSE CAFÉ ("Corporate Defendants"), CLAUDETTE

1

FLATOW, JOHN EFRATI, and YARDEN FLATOW ("Individual Defendants," and collectively with the Corporate Defendants, the "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et. seq.* ("FLSA"), that she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) unpaid wages; (3) liquidated damages; and (4) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), she and others similarly situated are entitled to recover from Defendants: (1) unpaid wages, including overtime, due to time shaving; (2) unpaid wages; (3) compensation for late payment of wages; (4) unpaid spread of hours premium; (5) statutory penalties; (6) liquidated damages; and (7) attorneys' fees and costs.

3.      Plaintiff additionally alleges that, pursuant to the Internal Revenue Code, 26 U.S.C. § 7434, she and others similarly situated are entitled to damages and fees and costs in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS").

4.      Plaintiff further alleges that Defendants breached their contract with Plaintiff and Class Members by failing to pay employer payroll taxes for Plaintiff and Class Members, as required by the Federal Insurance Contribution Act ("FICA"). Plaintiff also alleges that, in retaining these sums for themselves, Defendants unjustly enriched themselves at the expense of Plaintiff and Class Members.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b),

28 U.S.C. §§ 1331, 1337 and 1343 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.    Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

**PARTIES**

7.    Plaintiff ADRIAN SANTIAGO is a resident of Queens County, New York.

8.    Defendants operate three Restaurants, two under the trade name Cuisine by Claudette, and one under the trade name Greenhouse Café. The Restaurants are located at the following addresses:

(a) Cuisine by Claudette – 143 Beach 116th Street, Rockaway Park, NY 11694;

(b) Cuisine by Claudette – 190 Beach 69th Street, Arverne, NY 11692; and

(c) Greenhouse Café - 108-10 Rockaway Beach Drive, Rockaway Beach, NY 11694

(collectively, the "Restaurants").

9.    All the Restaurants are operated as a single integrated enterprise under the common control of the Individual Defendants CLAUDETTE FLATOW, JOHN EFRATI, and YARDEN FLATOW. Specifically, the Restaurants are engaged in related activities, share common ownership, and have a common business purpose.

(a) All Restaurants are under the control of Corporate and Individual Defendants. Specifically, Individual Defendants CLAUDETTE FLATOW, JOHN EFRATI, and YARDEN FLATOW operates the totality of the Restaurants;

(b) All Restaurants are jointly advertised on Cuisine by Claudette's website. *See* **Exhibit A;**

(c) All Restaurants interchange employees. Plaintiff, FLSA Collective Plaintiffs, and Class Members performed work among the Restaurant location; on an as needed basis; and

(d) All employees are subject to the same wage policies pursuant to the same Employee Handbook.

Although Plaintiff did not work at all of the Restaurants, the Restaurants are appropriately named in this Complaint through the relevant Corporate Defendants described above. Because the Restaurants share identical illegal wage and hour policies, the Restaurants and the relevant Corporate Defendants are properly named on the basis of their outstanding liability to the FLSA Collective Plaintiffs, and Class Members for whom Plaintiff seeks to represent.

10.     Corporate Defendant CUISINE BY CLAUDETTE, LLC d/b/a CUISINE BY CLAUDETTE is a domestic limited liability company organized under the laws of the State of New York with a principal place of business and an address for service of process located at 143 Beach 116th Street, Rockaway Park, NY 11694.

11.     Corporate Defendant CUISINE BY CLAUDETTE ARVERNE LLC d/b/a CUISINE BY CLAUDETTE is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 190 Beach 69th Street, Arverne, NY 11692, and an address for service of process located at 143 Beach 116th Street, Rockaway Park, NY 11694.

12.     Corporate Defendant GREENHOUSE ROCKAWAY LLC d/b/a GREENHOUSE CAFÉ is a domestic limited liability company organized under the laws of the State of New York with a principal place of business located at 108-10 Rockaway Beach Drive, Rockaway Beach, NY 11694, and an address of service located at 244 Beach 121 Street, Rockaway Park, NY 11694.

13.    Individual Defendant CLAUDETTE FLATOW is the Owner of Corporate Defendants and has operational control of Corporate Defendants. Individual Defendant CLAUDETTE FLATOW exercises the power to, and also delegates to managers and supervisors the power to: (i) fire and hire employees; (ii) supervise and control employee work schedules; (iii) determine the rate and method of pay; (iv) maintain employment records; and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs, and Class Members of Corporate Defendants. Individual Defendant CLAUDETTE FLATOW has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant CLAUDETTE FLATOW additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant CLAUDETTE FLATOW ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Corporate Defendants are operating efficiently and profitably.

14.    Individual Defendant JOHN EFRATI is the Owner of Corporate Defendants and has operational control of Corporate Defendants. Individual Defendant JOHN EFRATI exercises the power to, and also delegates to managers and supervisors the power to: (i) fire and hire employees; (ii) supervise and control employee work schedules; (iii) determine the rate and method of pay; (iv) maintain employment records; and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs, and Class Members of Corporate Defendants. Individual Defendant JOHN EFRATI has authority over all employee-

related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant JOHN EFRATI additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant JOHN EFRATI ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Corporate Defendants are operating efficiently and profitably.

15.     Individual Defendant YARDEN FLATOW is the Owner of Corporate Defendants and has operational control of Corporate Defendants. Individual Defendant YARDEN FLATOW exercises the power to, and also delegates to managers and supervisors the power to: (i) fire and hire employees; (ii) supervise and control employee work schedules; (iii) determine the rate and method of pay; (iv) maintain employment records; and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs, and Class Members of Corporate Defendants. Individual Defendant YARDEN FLATOW has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant YARDEN FLATOW additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs, and Class Members. Individual Defendant YARDEN FLATOW ensures that managers implement Defendants' employment policies and pay practices

and directs employees to effectively complete their job duties so that Corporate Defendants are operating efficiently and profitably.

16.     At all relevant times, each Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

17.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs, and Class Members were directly essential to the business operated by Defendants.

18.     Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

19.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees, including, but not limited to baristas, juicers, counter persons, servers, cooks, food preparers, and bakers among others, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

20.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them their proper wages, including overtime, due to time shaving. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

21.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective

Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS

22.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees, including, but not limited to baristas, juicers, counter persons, servers, cooks, food preparers, and bakers among others, employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

23.     All said persons, including Plaintiff, are referred to herein as the "Class." The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

24.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty members of the Class.

25.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate

practices of Defendants, as alleged herein, of: (i) failing to pay wages, including overtime, due to time shaving; (ii) failing to pay wages; (iii) late payment of wages; (iv) failing to provide spread of hours premiums; (v) failing to provide wage and hour notices, at date of hiring and annually, per requirements of the NYLL; and (vi) failing to provide proper wage statements per requirements of the NYLL.

26.    Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

27.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

28.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing

the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

29.    Defendants and other employers throughout the state violate the NYLL. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

30.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed Plaintiff and Class Members within the meaning of the NYLL;

    b) What were and are the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members;

c)  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay Plaintiff and Class Members for their work;

d)  Whether Defendants properly notified Plaintiff and Class Members of their hourly rate and overtime rate;

e)  Whether Defendants paid Plaintiff and Class Members proper wages for all hours worked, including overtime hours;

f)  Whether Defendants caused time shaving by paying Plaintiff and Class Members only for those hours which they were scheduled to work, rather than for the actual hours that they worked;

g)  Whether Defendants paid Plaintiff and Class Members their lawful wages in a timely manner;

h)  Whether Defendants properly paid Plaintiff and Class Members their corresponding spread of hours premium as required under the NYLL;

i)  Whether Defendants provided wage and hour notices to Plaintiff and Class Members, at date of hiring and annually, per requirements of the NYLL; and

j)  Whether Defendants provided proper wage statements to Plaintiff and Class Members per requirements of the NYLL.

## **STATEMENT OF FACTS**

31.    In or about December 12, 2017, Plaintiff was hired by Defendants to work as a barista at Defendants' Cuisine by Claudette Restaurant located at 143 Beach 116th Street, Rockaway Park, NY 11694. During her employment, she also worked Cuisine by Claudette located at 190 Beach 69th Street, Arverne, NY 11692, and Greenhouse Café located at 108-10

Rockaway Beach Drive, Rockaway Beach, NY 11694 on an as needed basis. Plaintiff's employment with Defendants terminated on September 14, 2022.

32.    In or around September 2019, Plaintiff was promoted to manager. In or around March 2021, Plaintiff was promoted to general manager. Even as a manager and general manager, Plaintiff spent ninety-fiver percent of her time doing barista and kitchen work.

33.    As a barista, from the start of her employment until in or around September 2019, Plaintiff was scheduled to work five hours a day for four days a week, and ten hours for two days a week, for a total of forty hours per week. As a manager, from September 2019 until in or around March 2021, Plaintiff was scheduled to work five hours a day for four days a week, and ten hours for two days a week, for a total of forty hours per week. As a general manager from March 2021 onwards,  Plaintiff was scheduled to work fifty-five hours a week. FLSA Collective Plaintiffs and Class Members worked a similar number of hours each week.

34.    As a barista, from the start of her employment until in or around June 2018, Plaintiff was paid at a rate of ten dollars per hour, and an overtime rate of fifteen dollars per hour. From in or around June 2018 until in or around January 2019, Plaintiff was paid at a rate of fourteen dollars per hour, and an overtime rate of twenty-one dollar per hour. From in or around January 2019 until in or around September 2019, Plaintiff was paid at a rate of eighteen dollars per hour, and an overtime rate of twenty-seven dollars per hour. As a manager, from in or around September 2019 until in or around December 2020, Plaintiff was paid at a rate of eighteen dollars per hour, and an overtime rate of twenty-seven dollars per hour. From in or around December 2020 until in or around March 2021, Plaintiff was paid at a rate of twenty dollars per hour, and an overtime rate of thirty dollars per hour. As a general manager from in or around March 2021 until the end of her employment, Plaintiff was paid at rate of twenty-five dollars per hour, and an overtime rate of

thirty-seven dollars and fifty cents per hour. FLSA Collective Plaintiffs and Class Members were all compensated at similar rates throughout their employment.

35.  Throughout her employment with Defendants, Plaintiff was not always paid the overtime premium of one-and-one-half times her regular rate of pay for her hours worked in excess of forty per week due to time shaving, as required under the FLSA and NYLL.

36.  Throughout Plaintiff's employment with Defendants, she was not compensated for all overtime hours worked due to Defendants' time shaving policies. As a barista and manager, Plaintiff was only paid for her scheduled hours. However, Plaintiff was working past her scheduled shifts, two hours on weekdays and one hour on weekends, for a total of ten hours per week. Beginning in 2021, Plaintiff was required to clock out for forty-five minute lunch breaks. However, Plaintiff was required to work through her lunch breaks. Therefore, Plaintiff was time shaved an additional 5.25 hours per week. FLSA Collective Plaintiffs and Class Members also suffered similarly from Defendants' illegal policy of time shaving.

37.  In or around July 2020 to in or around March 2021 Plaintiff was performing uncompensated work at home. Plaintiff was taking and scheduling calls and attending meetings. Plaintiff was and still has not been compensated for five hours per week during the period. Plaintiff has not been compensated for approximately thirty-nine weeks for a total three thousand nine hundred dollars of unpaid wages. FLSA Collective Plaintiffs and Class Members similarly have not been compensated for work performed during COVID.

38.  From in or around July 2020 until in or around March 2021, Defendants failed to timely pay Plaintiff her wages. Plaintiff did not receive her wages within seven days of the end of

the week in which Plaintiff earned them, in violation of NYLL § 191(1)(a)(i)[1]. From her observations and conversations with co-workers, Plaintiff knows that Class Members similarly did not receive their wages within seven days during the week in which they were earned, because it was a common policy of Defendants. Therefore, Plaintiff and Class Members are owed liquidated damages equal to the late payment of wages and accrued interest on the delayed payments.

39.    At all relevant times, Plaintiff regularly worked shifts exceeding ten hours in duration. However, he never received any spread of hours premium for working such shifts, as required under the NYLL. Class Members who worked shifts longer than ten hours in duration were also not paid spread of hours premiums.

40.    As a barista, Plaintiff's would be paid off the books in cash. FLSA Collective Plaintiffs and Class Members also suffered similarly from being paid cash off the books.

41.    As a result of Defendants' paying Plaintiff, FLSA Collective Plaintiffs, and Class Members in checks and cash, Defendants failed to provide Plaintiff, FLSA Collective Plaintiffs, and Class Members with accurate IRS Forms W-2 for all the tax years of their employment and failed to properly record, account for, and report to the IRS all monies paid to Plaintiff, FLSA Collective Plaintiffs, and Class Members. In failing to account for these monies in their IRS filings, Defendants filed fraudulent information in violation of 26 U.S.C. § 7434. Under 26 U.S.C. § 7434(b), Defendants are liable for at least five thousand dollars to Plaintiff, FLSA Collective Plaintiffs, and Class Members for each fraudulent filing, which would have to be at least once a year.

---

[1] See *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 2019 NY Slip Op 06459, ¶¶ 1-2, 175 A.D.3d 1144, 1145-46, 107 N.Y.S.3d 286, 287-88 (App. Div. 1st Dept.)

42.    In violating the Internal Revenue Code by failing to provide proper W-2 forms, Defendants also breached their contract with Plaintiff and Class Members to pay the employer's share of Social Security and Medicare taxes for each employee.

43.    Defendants also unjustly enriched themselves at the expense of Plaintiff and Class Members by retaining monies that should have been remitted to the IRS on Plaintiff's and Class Members' behalf.

44.    As a result, Plaintiff and Class Members will either (1) be liable to the IRS for the employer's share of FICA taxes or (2) upon retirement suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

45.    The employer's share of Social Security taxes is 6.2%. The employer's share of Medicare taxes is 1.45%. Accordingly, Defendants must compensate Plaintiff and each Class member 7.65% of all their earnings from Defendants beginning six years prior to the filing of this Complaint.

46.    Even if Defendants could show that they paid some employees a part of their wages in check and filed the appropriate W-2s for those checks, Defendants would remain liable to those employees for failing to pay FICA taxes on the cash portion of their wages.

47.    In failing to provide proper wage statements and notices, Defendants have failed to comply with the law in a manner that clearly entails a concrete risk of harm to an interest identified by the New York State legislature. Defendants' failure to provide such notices trivializes the importance of these notices in protecting Plaintiff's interest in ensuring proper pay. Despite Defendants' conduct, there is a reason why the New York legislature concluded that enacting wage notice provisions would "far better protect workers' rights and interests" than existing penalties. *See* N.Y. Spons. Mem., 2010 S.B. 8380. Written notices function as a means of apprising

employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Deprivation of such notices necessarily entails a significant risk of harm to the employees' concrete interest in being paid properly and timely.

48.     Due to Defendants' failure to provide legally mandated notices such as earning statements and wage notices, Defendants were able to hide their wrongdoing from employees, and continue to attempt to hide their wrongdoing necessitating the current litigation. The failure to provide NYLL notices continues to result in delayed payment of all proper wages owed to Plaintiff and Class Members.

49.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class Members the proper overtime wages at a rate that is at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek, due to time shaving, in violation of the FLSA and NYLL.

50.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and Class Members their wages within seven days of the end of the week in which they earned them.

51.     Defendants knowingly and willfully operated their business with a policy of not paying spread of hours premium to Plaintiff or Class Members, in violation of NYLL.

52.     Defendants knowingly and willfully operated their business with a policy of not providing wage and hour notice to Plaintiff and Class Members as required under the NYLL.

53.     Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements to Plaintiff and Class Members as required under the NYLL, as the wage statements did not accurately reflect the number of hours worked by employees.

54.     Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs, and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

55.     Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

56.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

57.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

58.      At all relevant times, Corporate Defendants had gross annual revenues in excess of $500,000.00.

59.     At all relevant times, Defendants had a policy and practice of failing to pay overtime wages to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay.

60.     At all relevant times, Defendants had a policy and practice of failing to pay wages to Plaintiff and FLSA Collective Plaintiffs for all overtime hours worked due to time shaving.

61.     Records, if any exist, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective

Plaintiffs are in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, Plaintiff will then seek leave of Court to amend this Complaint to set forth the precise amount due.

62.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all overtime hours, when Defendants knew or should have known such was due.

63.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

64.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

65.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid wages, including overtime, due to time shaving; unpaid wages; plus an equal amount as liquidated damages.

66.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of her reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**

67.     Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

68.     At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the NYLL §§ 2 and 651.

69.     At all relevant times, Defendants had a policy and practice of failing to pay Plaintiff and Class Members the full amount of overtime due under the NYLL.

70.     Defendants willfully violated the rights of Plaintiff and Class Members by failing to pay them overtime compensation at the rate of not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek due to time shaving.

71.     Defendants willfully violated Plaintiff's and Class Members' rights by failing to pay them their wages within seven days of the end of the week in which they were earned, in violation of NYLL § 191(1)(a)(i).

72.     Defendants knowingly and willfully failed to pay Plaintiff and Class Members their spread of hours premiums for shifts lasting longer than ten hours in duration, in violation of NYLL.

73.     Defendants knowingly and willfully failed to provide wage and hour notices, at the date of hiring and annually thereafter, to Plaintiff and Class Members, as required by NYLL § 195(1).

74.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members with every wage payment, as required by NYLL § 195(3). Defendants provided fraudulent wage statements that failed to accurately reflect the proper compensation owed and hours worked by Plaintiff and Class Members.

75.     Due to the Defendants' NYLL violations, Plaintiff and Class Members are entitled to recover from Defendants their unpaid wages, including overtime, due to time shaving; unpaid wages; damages for unreasonably delayed payments; unpaid spread of hours premiums; statutory penalties; reasonable attorneys' fees; and costs and disbursements of the action.

## COUNT III

## CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS
## UNDER 26 U.S.C. § 7434(a)

76.     Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

77.     Under the Internal Revenue Code, "[i]f any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

78.     By failing to provide Plaintiff and Class Members with accurate IRS Forms W-2 for all of the tax years during which they were employed by Defendants and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff and the Class as wages, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

79.     Defendants knew they had a legal duty not to misrepresent to the IRS the amount of money they were paying employees. Defendants' actions were willful violations of, or showed reckless disregard for, the provisions of the Internal Revenue Code.

80.     Pursuant to 26 U.S.C. § 7434(b)(3), Defendants are also liable to Plaintiff for reasonable attorneys' fees.

## COUNT IV

### BREACH OF CONTRACT

81.     Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

82.     "In New York, all contracts imply a covenant of good faith and fair dealing in the course of performance … This covenant embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract … [T]he  duties of good faith and fair dealing … encompass any promises which a reasonable person in the position of the promisee would be justified in understanding were

included [in the contract]." *511 W. 232nd Owners Corp. v. Jennifer Realty Co.*, 98 N.Y.2d 144, 153, 773 N.E.2d 496, 500-501, 746 N.Y.S.2d 131, 135-136, 2002 N.Y. LEXIS 1579, *10-11 (2002).

83.    When Plaintiff and Class Members accepted offers of employment form Defendants, the parties entered a contract, and the covenant of good faith and fair dealing implicit therein required Defendants to pay Plaintiff and Class Members in accordance with all applicable laws. This involved, *inter alia*, a duty by abide by the Internal Revenue Code and pay all required FICA taxes.

84.    Defendants breached this duty when they decided to pay Plaintiff and Class Members in cash and not file proper W-2. As a result, Plaintiff and Class Members lost part of the benefit of the bargain for which they contracted, suffering a loss in the amount of the FICA taxes that Defendants should have paid on their behalf but did not.

**COUNT V**

**UNJUST ENRICHMENT**

85.    Plaintiff repeats each and every previous allegation in this Class and Collective Action Complaint as if fully set forth herein.

86.    To state a claim for unjust enrichment, a plaintiff must allege that: "(1) the [defendant] was enriched, (2) at [plaintiff's] expense, and (3) that it is against equity and good conscience to permit the [defendant] to retain what is sought to be recovered." *Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516, 973 NE2d 743, 950 NYS2d 333 (2012) (internal quotations omitted).

87.    Defendants were unjustly enriched when they kept for themselves money that should have been paid to the Internal Revenue Service as Defendants' employer FICA contribution. Such came at the expense of Plaintiff and Class Members because they will either

(1) be liable to the IRS for the employer's share or (2) upon retirement suffer from diminished Social Security and Medicare benefits because they did not pay enough into the system.

88.     Accordingly, all sums that Defendants should have paid to the IRS should be disgorged from Defendants and transferred to Plaintiff and Class Members.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself, FLSA Collective Plaintiffs, and Class Members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c.  An award of unpaid wages due to time shaving under the FLSA and NYLL;

d.  An award of unpaid wages due under the FLSA and NYLL;

e.  An award of liquidated damages and interest for each late payment of wages pursuant to NYLL § 191(1)(a)(i);

f.  An award of unpaid spread of hours premium due under NYLL;

g.  Contractual damages for Defendants' failure to keep their promise to abide by the Internal Revenue Code and fund Plaintiff's and Class Members' retirement through FICA contributions;

h.  Disgorgement from Defendants of all illegally retained sums that should have gone into FICA contributions;

i.   An award of statutory penalties as a result of Defendants' failure to comply with wage notice and wage statement requirements;

j.   An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay proper wages, overtime compensation, and spread of hours premium, pursuant to the FLSA and the NYLL;

k.   An award of statutory penalties, prejudgment and post judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees and statutory penalties;

l.   Designation of Plaintiff as Representatives of the FLSA Collective Plaintiffs;

m.   Designation of this action as a class action pursuant to F.R.C.P. 23;

n.   Designation of Plaintiff as Representatives of the Class; and

o.   Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:  April 10, 2023

Respectfully submitted,
By:   _/s/ C.K. Lee_____
          C.K. Lee, Esq.

**LEE LITIGATION GROUP, PLLC**
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs, and the Class*

23