UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

ADRIAN SANTIAGO, MARIA BERTOLINI,
JACEY MONTERO, DERRICK BOWDEN,
LARRY HARRIS, JAILYNN DIAZ, and
SEBASTIAN SHEPPARD,

                    Plaintiffs,

v.

CUISINE BY CLAUDETTE, LLC d/b/a
CUISINE BY CLAUDETTE, CUISINE BY
CLAUDETTE ARVERNE LLC d/b/a CUISINE
BY CLAUDETTE, GREENHOUSE
ROCKAWAY LLC d/b/a GREENHOUSE CAFÉ,
CLAUDETTE FLATOW, JOHN EFRATI, and
YARDEN FLATOW,

                    Defendants.

**OPINION AND ORDER**

23-CV-2675 (OEM) (LKE)

------------------------------------------------------------X

**Lara K. Eshkenazi, United States Magistrate Judge:**

Defendants' counsel William Nolan brings the instant motion to withdraw as counsel to Defendants in this action and a motion for a retaining lien under New York law. (*See* Motion to Withdraw as Attorney ("Mot."), ECF Nos. 51, 58). Plaintiffs oppose the motion. (*See* Plaintiffs' Memorandum in Opposition ("Opp."), ECF No. 57). For the reasons set forth below, Mr. Nolan's motion to withdraw is granted, but Mr. Nolan's request for a retaining lien is denied.

### I. BACKGROUND

Plaintiffs filed this action alleging violations of the Fair Labor Standards Act and New York Labor Law, as well as claims for breach of contract and unjust enrichment, in April 2023. (*See* generally Complaint, ECF No. 1). Mr. Nolan has represented Defendants since the commencement of this case. The parties were referred to the EDNY Mediation Program. (Order

dated May 17, 2023, ECF No. 12), but the mediation was unsuccessful. (*See* Report of Mediation Unsettled dated July 19, 2023). Since then, Plaintiffs were granted conditional class certification (*See* Memorandum & Order, ECF No. 31) and the parties have engaged in discovery.

Mr. Nolan initially petitioned the Court to be relieved as counsel for Defendants pursuant to EDNY Local Rule 1.4 on August 6, 2024. (*See* Mot., ECF No. 51). Plaintiffs opposed his motion. (*See* Opp., ECF No. 57). The Court held a hearing on the Motion on September 5, 2024, and heard argument on the record. Individual Defendant Yarden Flatow was present. The Court requested supplemental briefing from Mr. Nolan. (*See* Minute Entry and Order dated September 6, 2024). Mr. Nolan filed a supplemental declaration under seal. (Nolan Declaration, ECF No. 58). Per the Court's September 6 Order, discovery was set to close on September 19, 2024. In a joint status report filed on September 19, 2024 (Status Report, ECF No. 59), Plaintiffs certified the close of discovery, while Defendants took no position on the close of discovery other than to note the pending motion to withdraw as counsel due to the breakdown of communication between Mr. Nolan and his clients. The Court again requested supplemental briefing from Mr. Nolan regarding his request for a retaining lien (Order dated October 23, 2024), but Mr. Nolan failed to comply with the Court's request.

## II. DISCUSSION

### A. Motion to Withdraw

EDNY Local Rule 1.4 provides upon a showing of "satisfactory reasons," the Court may grant a motion to withdraw. "In deciding a motion to withdraw as counsel, courts must consider (1) the reasons for the withdrawal, and (2) the impact withdrawal will have on the timing of the proceeding." *United States v. Est. of Wiesner*, No. 05-CV-1634 (DRH)(AKT), 2017 WL

1450594, at *6 (E.D.N.Y. Mar. 15, 2017), *adopted by* 2017 WL 1458724 (E.D.N.Y. Apr. 24, 2017).

"Motions to withdraw based upon [a breakdown of communication] pose the unique challenge for counsel to sufficiently articulate the basis for the withdrawal, while at the same time not divulging confidential or privileged communications or otherwise cause prejudice to the client." *White v. Advanced Cardiovascular Diagnostics, PLLC*, No. 22-CV-2587 (AMD)(JMW), 2023 WL 2163777, at *2 (E.D.N.Y. Feb. 22, 2023) (citing N.Y.S.B.A. Ethics Op. 1057 (June 5, 2015)). Courts in this district have thus permitted counsel to file motions to withdraw under seal to balance the competing interests of protecting client confidentiality and establishing grounds for withdrawal. *See id.*; *see also Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) (defense counsel filed affidavit under seal in support of motion to withdraw). Here, the Court finds it appropriate that Mr. Nolan's supplemental Declaration (ECF No. 58) was filed under seal given that one of the bases for his Motion is a breakdown in communication with Defendants. The Court will therefore refer to the transcript of the hearing held on the record for Mr. Nolan's Motion, although this decision is based on both the hearing and Mr. Nolan's filings. (*See* Mot. and Declaration, ECF Nos. 51, 58).

In support of his motion, Mr. Nolan first cites a breakdown in the attorney-client relationship, saying that there "has been no communication between us…even before [he] filed [this] motion." (*See* Transcript of Hearing on Motion ("Transcript"), ECF No. 60 at 4-5). Additionally, Mr. Nolan represented to the court at the hearing that "there are discovery documents that I believe are out there in the possession of my clients that should be turned over in discovery. That has not occurred." (*Id.* at 11). Secondly, Mr. Nolan alleges that he is owed

3

over $27,000 in legal fees going back to November 2023, and that he has only received a few partial payments from his clients over the past six months. (*See id.* at 4-5).

### 1. Reasons for Withdrawal

"Courts have long recognized that a client's continued refusal to pay legal fees constitutes a 'satisfactory reason' for withdrawal under Local Rule 1.4." *Team Obsolete Ltd.* 464 F. Supp. 2d at 166; *see also Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (courts in this district have found that "a client's refusal to pay attorney's fees may constitute good cause to withdraw.") (citing *United States v. Parker*, 439 F.3d 81, 104 (2d Cir. 2006)). Courts in this district have also found that a breakdown in the attorney-client relationship constitutes good cause to withdraw from representation. *See Papadatos v. Home Depot U.S.A, Inc.*, No. 21-CV-3208 (WFK)(JMW), 2022 WL 2612353, at *2 (E.D.N.Y. June 10, 2022) (granting motion to withdraw where "[p]laintiff's refusal to cooperate and work with [his lawyer] regarding substantive issues in [the case] have impacted [his lawyer's] ability to effectively represent plaintiff."); *Tokarz v. LOT Polish Airlines*, No. 96-CV-3154 (FB)(JMA), 2005 WL 8161165, at *2 (E.D.N.Y. June 20, 2005) (finding good cause for withdrawal where the relationship between the client and their counsel has deteriorated, in addition to non-payment of legal fees); *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08-CV-6469 (DAB)(JCF), 2011 WL 672245, at *2-3 (S.D.N.Y. Feb. 17, 2011) (granting withdrawal where "both elements – lack of payment and lack of communication by the client – are present.").

The Court finds that Mr. Nolan has established good cause to withdraw as counsel for the Defendants. He has made diligent efforts over the past year to work with Defendants despite their non-payment of legal fees and gave them ample opportunities to work out different arrangements to pay his fees. (*See* Transcript, ECF No. 60 at 4-5, 8). Moreover, he continued to

engage with the discovery process despite not being paid and encountering difficulties due to lack of communication with his clients. (*See id.* at 4, 6, 8, 11). The complete breakdown of communication and the continued non-payment of fees are satisfactory reasons to support Mr. Nolan's request to withdraw.

### 2. Impact of Withdrawal on Proceeding

"[T]he Court must also consider the posture of the case and whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Karimian v. Time Equities, Inc.*, No. 10-CV-3773 (AKH)(JCF), 2011 WL 1900092, at *3 (S.D.N.Y. May 11, 2011) (quotations omitted) (citing *Whiting v. Lacara*, 187 F.3d 317, 320-21 (2d Cir. 1999)).

While granting Mr. Nolan's motion to withdraw will certainly delay these proceedings further, the current posture of this case still favors withdrawal. Plaintiffs argue that the timing of the Motion is prejudicial to Plaintiffs because discovery had not yet closed when Mr. Nolan filed his motion. (*See* Opp., ECF No. 57 at 7). However, courts often grant withdrawal when a case is not yet trial ready. *See Stair*, 722 F. Supp. 2d at 265 (granting withdrawal where "the litigation has only passed the motion to dismiss stage); *Karimian*, 2011 WL 1900092, at *3 (granting withdrawal where "substantial discovery has taken place, discovery has not yet closed, and trial is still several months away"); *Delgado v. Donald J. Trump for President, Inc.*, No. 19-CV-11764 (AT)(KHP), 2023 WL 2975155, at *3 (S.D.N.Y. Mar. 10, 2023) (granting withdrawal where case is still in discovery and no trial has been scheduled); *Bueno v. Allcity Med., P.C.*, No. 22-CV-2216 (JGLC)(KHP), 2023 WL 7001398, at *2 (S.D.N.Y. Oct. 17, 2023) (granting withdrawal where discovery has not yet closed and the case is not on the verge of trial readiness); *S.E.C. v. Gibraltar Glob. Sec., Inc.*, No. 13-CV-2575 (GBD)(JCF), 2015 WL 2258173, at *3 (S.D.N.Y. May 8, 2015) ("In cases where discovery has not yet closed and trial is

5

months away, the impact of withdrawal is typically not substantial enough to counsel against it."); *Taub v. Arrayit Corp.*, No. 15-CV-1366 (ALC)(JLC), 2016 WL 4146675, at *2 (S.D.N.Y. Aug. 4, 2016) (granting motion to withdraw because "this case is not on the verge of trial, and a delay of potential motion practice 'will not disrupt the proceedings to the point where denial would be warranted.'") (citing *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 444-45 (S.D.N.Y. 2014)).

Here, the case is not on the eve of trial, and while Plaintiffs have certified the close of discovery, Defendants have not due to the inability of Mr. Nolan to effectively communicate with his clients. (*See* Status Report, ECF No. 59; Transcript, ECF 60 at 4-5, 11). Moreover, Plaintiffs have indicated their intention to pursue motion practice prior to trial (*See* Status Report, ECF No. 59; Transcript, ECF No. 60 at 7). Accordingly, while granting the withdrawal will delay motion practice, the proceedings will not be so disrupted as to warrant a denial of the motion. *See Taub*, 2016 WL 4146675, at *2.

Furthermore, when the Court considers how granting a motion to withdraw may disrupt the prosecution of the suit, it "may also examine likely prejudice to the client, whether the motion is opposed, and whether the unpaid representation has become a severe financial hardship to the firm." *Stair*, 722 F. Supp. 2d at 265. Plaintiffs' opposition paints Mr. Nolan's efforts in working with his clients over the past year, despite nonpayment of fees and difficulty communicating about discovery documents, as "dilatory tactics that Mr. Nolan and his client have employed throughout this litigation." (Opp., ECF No. 57 at 8). Plaintiffs also insist that they will be prejudiced because Defendants will not easily be able to find replacement counsel. (*See id.* at 7; Transcript, ECF No. 60 at 7-8).

6

Plaintiffs' arguments do not persuade the Court to force Mr. Nolan to continue representing Defendants. It is inevitable that withdrawal of counsel will cause delay and may pose some difficulty to the client in finding replacement counsel. *See Delgado*, 2023 WL 2975155, at *3-4 (granting motion to withdraw despite the impact it had on the case because, among other reasons, "[w]hile Plaintiff may face hurdles obtaining replacement counsel, this difficulty does not tip the scales in favor of denying the motion.") (internal citations omitted). Similar to Plaintiffs here, in *Blue Angel Films*, the plaintiff argued that "the motion to withdraw…[was] only a pretext for stalling the proceedings." *Blue Angel Films*, 2011 WL 672245, at *2. Finding "no evidence that defendant's counsel . . . engaged in such a strategy," however, the Court granted withdrawal. *Id.* at *2-3. Contrary to Plaintiffs' characterizations, the Court finds no evidence that Mr. Nolan has intentionally engaged in tactics to delay this case. Rather, the Court interprets Mr. Nolan's decision to not seek to withdraw sooner as undertaking his duty to zealously represent his clients and provide ample opportunities to resolve their differences (*See* Transcript, ECF No. 60 at 4) before taking the drastic step of moving to withdraw. *See generally* New York Rule of Professional Conduct 1.3 ("A lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services."). For these reasons, the Court grants Mr. Nolan's Motion to Withdraw.

### B. Motion for a Retaining Lien

Mr. Nolan's motion also seeks a retaining lien for unpaid legal fees totaling over $27,000. (*See* Mot., ECF Nos. 51, 58). Plaintiffs do not oppose his request for a lien. (*See generally* Opp., ECF No. 57). For the reasons discussed below, the Court denies Mr. Nolan's request for a retaining lien.

7

The Second Circuit has repeatedly held that "the decision whether to fix the fees due a withdrawing attorney lies within the discretion of the district court." *Pay Television of Greater New York v. Sheridan*, 766 F.2d 92, 94 (2d Cir. 1985). "In New York, an attorney who ceases to represent his or her client but has rendered services for which payment has not yet been received has two forms of recourse against non-payment, other than commencement of a plenary action— one derived from the common law [generally referred to as a retaining lien], and the other created by statute [referred to as a charging lien]." *Stair*, 722 F. Supp. 2d at 276 (citing *McDermott v. Great Am. All. Ins. Co.*, No. 5:02-CV-0607 (NAM)(DEP), 2006 WL 2038452, at *2 (N.D.N.Y. July 18, 2006)).

A retaining lien is a security interest in "all client paper and property…that come into the attorney's possession in the course of employment." *See Villar v. City of New York*, 546 F. Supp. 3d 280, 290 (S.D.N.Y. 2021) (citing *Resol. Tr. Corp. v. Elman*, 949 F.2d 624, 626 (2d Cir. 1991)). While retaining liens are derived from New York common law, federal courts enforce retaining liens "unless a specific federal law alters the parties' rights." *See Stair*, 722 F. Supp. 2d at 276; *see also Rivkin v. A.J. Hollander & Co.*, No. 95-CV-9314(DAB)(AJP), 1996 WL 633217, at *2 (S.D.N.Y. Nov. 1, 1996). If an attorney has good cause to withdraw, they may assert a retaining lien "on the client's papers and property in her possession until the amount of her fee…is paid." *See Villar*, 546 F. Supp. 3d at 290 (citing *People v. Keeffe*, 50 N.Y.2d 149, 155 (1980)). "When counsel is granted leave to withdraw by the court, the discharge is not for cause." *Stair*, 722 F. Supp. 2d at 277. "The purpose of the lien is to assist the attorney in preventing a client from refusing or failing to pay charges justly due. To permit a client in arrears to obtain the use of the papers would rob the lien of its intended force." *Pomerantz v. Schandler*, 704 F.2d 681, 683 (2d Cir. 1983). "The Second Circuit has held that, absent exigent

8

circumstances, it is an abuse of discretion to require withdrawing counsel to turn over papers subject to a lien without conditioning it on payment or posting security for payment of outstanding legal fees." *Casper v. Lew Lieberbaum & Co.*, No. 97-CV-3016 (JGK)(RLE), 1999 WL 335334, at *8 (S.D.N.Y. May 26, 1999), *adhered to on reconsideration*, 182 F. Supp. 2d 342 (S.D.N.Y. 2002) (citing *Pomerantz*, 704 F.2d at 683).

There are limited exceptions to this principle, and the court must consider (1) the prejudice that would result from denying the Defendants access to their papers, (2) the Defendants ability to pay the lien, and (3) the impact of enforcing the lien on the present litigation. *See id.* at *8-9. Courts have recognized that "[t]he retaining lien, asserted against papers that otherwise have little intrinsic value, is valuable only because of the 'inconvenience' caused to the client from denial of access to papers involved in the lawsuit." *Rivkin*, 1996 WL 633217, at *4 (citing *Goldman v. Rafel Ests.*, 269 A.D. 647, 649 (App. Div. 1st Dep't 1945)). However, the Court must also seriously consider the impact of enforcing the lien on the present litigation. *See Stair*, 722 F. Supp. 2d at 277 (citing *Casper*, 1999 WL 335334, at *9).

Here, Mr. Nolan has failed to address any of the relevant caselaw in his request for a retaining lien. (*See* Mot., ECF Nos. 51, 58). Even when given a third opportunity to provide any kind of legal argument for his request (Order dated October 23, 2024), Mr. Nolan failed to either withdraw his request or provide supplemental briefing under the factors outlined in *Casper*, 1999 WL 335334, at *8-9. In any event, the Court engages with the relevant factors below.

Here, granting Mr. Nolan a retaining lien would undoubtedly further delay this proceeding. *See Stair*, 722 F. Supp. 2d at 277 (denying retaining lien where it would have delayed the resolution of the case, and the clients were unable to pay accumulated costs to their outgoing lawyer). Given the record of non-payment of legal fees before the Court, the Court

9

finds that Defendants would be unlikely to be able to pay his retaining lien to regain possession of their papers. *See Casper*, 1999 WL 335334, at *9 (finding where a party has failed to pay their lawyers accumulated costs, it is unlikely that the party would be able to afford any lien imposed). Moreover, the thrust of Plaintiffs' argument in opposition to Mr. Nolan's motion to withdraw was their concern over the delay it could cause if granted. (See Opp., ECF No. 57). Although the Court finds that Mr. Nolan's Motion to Withdraw must be granted, it recognizes that issuing a retaining lien at this juncture could result in an unreasonable disruption of these proceedings.

Furthermore, this Complaint alleges violations of the Fair Labor Standards Act and New York Labor Law. (*See* generally Complaint, ECF No. 1). "The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) (quoting 29 U.S.C. § 202(a)). Therefore, the FLSA is "a statute… intended by Congress to be for the benefit of the public as well as that of the plaintiffs," and "[t]he fundamental purposes of legislation passed by Congress should not be derailed because a party can or cannot post a bond in connection with transfer of litigation files." *See Misek-Falkoff v. Int'l Bus. Machines Corp.*, 829 F. Supp. 660, 664 (S.D.N.Y. 1993); *see also Casper*, 1999 WL 335334, at *9 ("The court must therefore consider the purposes of that statute when weighing the competing interests."). The Court finds that the further delay of this case, which would inevitably result from the issuance of a retaining lien to Mr. Nolan, would unjustly delay Plaintiffs' prosecution of their

10

claims. *See Casper*, 1999 WL 335334, at *9 (denying retaining lien in a civil rights case brought under Title VII).

Despite the Court's denial of Mr. Nolan's request for a retaining lien, he is not without recourse against Defendants. He is free to "initiate a plenary action in quantum meruit." *Cincotta v. Hempstead Union Free Sch. Dist.*, No. 15-CV-4821 (ADS)(AKT), 2016 WL 6988836, at *2 (E.D.N.Y. Nov. 29, 2016) (citing *Hampshire Grp. Ltd. v. Scott James Co.,* No. 14-CV-2637 (JGK)(MHD), 2015 WL 5306232, at 4* (S.D.N.Y. July 27, 2015)).

### III.   CONCLUSION

Based on the foregoing analysis, Mr. Nolan's motion to withdraw is granted, but his motion for a retaining lien is denied. The Clerk of Court is respectfully directed to terminate Mr. Nolan as counsel of record for Defendants. This case is stayed until December 9, 2024, to afford Defendants the opportunity to secure new counsel.

**SO ORDERED.**

Brooklyn, New York
November 7, 2024

*Lara K. Eshkenazi*
LARA K. ESHKENAZI
United States Magistrate Judge

11